## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| COTIVITI HOLDINGS, INC. and COTIVITI USA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA CLARK; CHRISTINA HOOD; KELSEY SIMMONS; and BRITTANY TURNER<br><br>Defendants. | Case No. 3:18-cv-00899-MPS |
| COTIVITI HOLDINGS, INC. and COTIVITI USA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE CARFI and SHEMIKA MOSBY<br><br>Defendants. | Civil Action No.  3:18-cv-01116<br><br><br><br>JULY 30, 2018 |

## UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 42 of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, the plaintiffs, Cotiviti Holdings, Inc. and Cotiviti USA, LLC ("Cotiviti"), move for an order consolidating the above-captioned cases, both of which are currently pending before The Honorable Michael P. Shea. Cotiviti further requests that, should this Court grant the instant Motion to Consolidate, the parties file all post-consolidation pleadings and other papers in the docket of the earliest filed action, *Cotiviti Holdings, Inc., et al, v. Clark, et al*, 3:18-cv-01116-

1

MPS. *See* D. Conn. L. Civ. R. 42.

Cotiviti submits that both actions share common issues of fact and law. In both cases each of the Defendants are former employees of Cotiviti who, Cotiviti alleges, agreed to be subject to the terms and conditions of restrictive covenant agreements in consideration for their employment. Cotiviti further alleges that those agreements prohibited each of the Defendants from, *inter alia*, competing with Cotiviti for a period of two years after their termination from Cotiviti, and that Defendants violated their respective agreements.

There has been no discovery to date, and both actions are in the early stages of litigation. Moreover, Defendants in both actions are represented by the same counsel. There will be no prejudice to any party as a result of consolidation.

WHEREFORE for the foregoing reasons, and as set forth more fully in the accompanying Memorandum of Law in Support of Motion to Consolidate, Cotiviti asks this Court to consolidate these to cases.

THE PLAINTIFFS

COTIVITI HOLDINGS, INC. AND
COTIVITI USA, LLC
By /s/ *Joseph J. Blyskal*
Cullen Guilmartin (ct27667)
Joseph J. Blyskal (ct28055)
Shannon M. Walsh (ct30219)
Gordon & Rees LLP
95 Glastonbury Blvd., Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
cguilmartin@grsm.com
jblyskal@grsm.com
swalsh@grsm.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 30, 2018 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

  */s/ Joseph J. Blyskal*
Joseph J. Blyskal

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| COTIVITI HOLDINGS, INC. and COTIVITI USA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA CLARK; CHRISTINA HOOD; KELSEY SIMMONS; and BRITTANY TURNER<br><br>Defendants. | Case No. 3:18-cv-00899-MPS |
| COTIVITI HOLDINGS, INC. and COTIVITI USA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE CARFI and SHEMIKA MOSBY<br><br>Defendants. | Civil Action No. 3:18-cv-01116<br><br><br><br>JULY 30, 2018 |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE

The plaintiffs, Cotiviti Holdings, Inc. and Cotiviti USA, LLC ("Cotiviti"), submit this Memorandum of Law in Support of their Unopposed Motion to Consolidate.

### I.      BACKGROUND

Cotiviti filed the matter titled *Cotiviti Holdings, Inc., et. al. v. Clark, et. al.*, Docket No. 3:18-cv-00899-MPS (the "Clark Action"), on May 29, 2018, against Jessica Clark, Christina Hood, Kelsey Simmons, Brittany Turner, and Mitchell Prater. Mitchell Prater was subsequently

1158632/38927660v.1

removed as a party on motion of Cotiviti and an order of this Court. Cotiviti filed the matter titled *Cotiviti Holdings, Inc., et. al. v. Carfi,* Docket No. 3:18-cv-01116-MPS (the "Carfi Action"), on July 3, 2018, against George Carfi and Shemika Mosby.

In both actions, Cotiviti asserts that Defendants are former employees of Cotiviti and that they each entered into restrictive covenant agreements (the "Agreements") as a condition of their employment. Cotiviti further alleges that each of the Defendants, *inter alia*, resigned from employment with Cotiviti to work for Equian, LLC ("Equian"), a direct competitor of Cotiviti, in violation of their respective obligations. Each of the Defendants separated from Cotiviti in the first and second quarter of 2018. Cotiviti further alleges that each of the Defendants possesses valuable proprietary information and trade secrets of Cotiviti. As a result of their alleged misconduct, Cotiviti seeks preliminary injunctive relief, compensatory damages against Defendants arising from their contractual, statutory and/or common law violations, and other damages.

Each of the Defendants has been served, with Carfi and Mosby having most recently been served on July 23, 2018. In the Clark Action the defendants Jessica Clark, Christina Hood, Kelsey Simmons, and Brittany Turner filed a motion to dismiss (Doc. 27) a portion of the First Amended Complaint (Doc. 19), and the Court granted leave to file an amended complaint by July 30, 2018. (Doc. 28.) Cotiviti is filing, also on today's date, its Second Amended Complaint, along with an opposition to the partial dismissal motion. Counsel for Cotiviti and counsel for Jessica Clark, Christina Hood, Kelsey Simmons, and Brittany Turner began, but did not complete, the Rule 26(f) meet-and-confer process on July 12, 2018 in the Clark Action; however, because Cotiviti intends to file a Motion for Preliminary Injunction and Restraining Order in both the Clark Action and Carfi Action, counsel agreed to seek permission of this Court to

consolidate the actions and extend the time to meet-and-confer and submit the Joint Report of Parties' Planning Conference until after Cotiviti files its Motion for Preliminary Injunction and Restraining Order.[1] Cotiviti anticipates expedited discovery in advance of any hearing on that motion.

## II.    **ARGUMENT**

Rule 42(a) of the Federal Rules of Civil Procedure provides a Court with authority to consolidate actions involving common questions of law or fact in order to avoid unnecessary cost or delay.  *See e.g., Devlin v. Transp. Commc'n. Int'l. Union,* 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990). Specifically, Rule 42(a) provides, in pertinent part, that "[w]hen actions involving a common question of law are pending before the court, . . . it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a). The decision whether to consolidate actions is soundly within the Court's discretion.  *See Johnson,* 899 F.2d at 1284.  In determining whether consolidation is appropriate, courts must consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial multiple trial alternatives.

*Johnson,* 899 F.2d at 1285 (internal marks omitted).

Further, in determining whether consolidation is appropriate, a court must consider both equity and judicial economy. *Devlin,* 175 F.2d at 130. Where judicial economy would be served, courts favor consolidation of actions.  *See Johnson,* 899 F.2d at 1285; *Weltz v. Lee,* 199 F.R.D.

---

[1] The Parties also jointly filed on today's date a Motion for Extension of Time in the Clark Action to extend the respective Rule 26(f) deadlines.

129, 131 (S.D.N.Y. 2001). "The Rule should be prudently employed as a valuable and important tool of judicial administration invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130 (internal marks omitted).

Here, both actions involve similar factual issues, and the transactions or occurrences giving rise to the claims occurred during the same general timeframe. Each Defendant is a former employee of Cotiviti who is alleged to have entered into a non-compete agreement with Cotiviti. Each Defendant is alleged to possess knowledge about Cotiviti's confidential, proprietary and trade secret audit concepts, algorithms, and tools. Each Defendant resigned from their position at Cotiviti and accepted employment with Equian, Cotiviti's direct competitor.

Moreover, both actions place at issue the same legal issues, including the scope of the Agreements and protection and misappropriation of trade secrets. Indeed, the legal claims asserted in each case are nearly identical. Both complaints also seek the same remedies – preliminary injunctive relief enjoining Defendants from breaching the terms of the Agreements, actual, compensatory and consequential damages, attorney's fees and costs, and any other relief the Court deems appropriate. Moreover, it is anticipated that in both actions the Defendants will raise similar, if not identical, defenses and motions challenging the claims of Cotiviti.

No party will be prejudiced by consolidation. There has been no discovery in either case, and the matters are in similar stages of litigation. The Carfi Action was filed just over a month after the Clark Action. Therefore, the cases are proceeding along very similar litigation timelines, as well. And, because Cotiviti intends to file a preliminary injunction motion in both actions, consolidation will streamline the expected pre-hearing discovery and any hearing on its motion. Allowing these cases to move forward separately may lead to inconsistent rulings and adjudications.

### III.    <u>**CONCLUSION**</u>

For the foregoing reasons, the Cotivit respectfully requests that these matters be consolidated.


THE PLAINTIFFS

COTIVITI HOLDINGS, INC. AND
COTIVITI USA, LLC

By /s/ *Joseph J. Blyskal*_____
Cullen Guilmartin (ct27667)
Joseph J. Blyskal (ct28055)
Shannon M. Walsh (ct30219)
Gordon & Rees LLP
95 Glastonbury Blvd., Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
cguilmartin@grsm.com
jblyskal@grsm.com
swalsh@grsm.com

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 30, 2018 the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

 */s/ Joseph J. Blyskal*
Joseph J. Blyskal